J-S17026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON CLAUSEN, | |
| Appellant | No. 1024 WDA 2014 |

Appeal from the PCRA Order Entered May 14, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001281-2011, CP-25-CR-0002229-2011

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 10, 2015**

Appellant, Brandon Clausen, appeals *pro se* from the May 14, 2014 order that denied his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We quash.

A prior panel of this Court set forth the relevant facts and procedural history of this case as follows:

> The Commonwealth charged Appellant with one count each of rape of a child, sexual assault, involuntary deviate sexual intercourse with a child, corruption of minors, and three counts of indecent assault. The charges stemmed from contact between Appellant and the victim, M.P., over a period of time when she was ten to 12 years old. *See* Criminal Information, 9/23/11. M.P. was a friend of Appellant's sister. N.T., 4/23/12, at 8. On January 9, 2012, Appellant pled guilty to one count of rape of a child and the Commonwealth *nolle prossed* the remaining

---

[*] Former Justice specially assigned to the Superior Court.

charges. On April 23, 2012, the trial court held a hearing to determine whether Appellant met the criteria for being a SVP. At the conclusion of said hearing, the trial court found that Appellant met the SVP criteria and imposed an aggregate judgment of sentence of 15 to 40 years' imprisonment. On May 2, 2012, Appellant filed a timely post-sentence motion which was denied by the trial court on May 3, 2012.

*Commonwealth v. Clausen*, 752 WDA 2012, 69 A.3d 1300 (Pa. Super. Filed March 22, 2013) (unpublished memorandum) (footnotes omitted).

The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on February 27, 2014, *Commonwealth v. Clausen*, 87 A.3d 318 (Pa. 2014). Appellant filed a timely *pro se* PCRA petition on March 13, 2014. Counsel was appointed and on April 9, 2014, counsel filed a no-merit letter and petition to withdraw in the PCRA court. On April 17, 2014, the PCRA court notified Appellant of its intent to dismiss his PCRA petition pursuant to Pa.R.Crim. 907, and on April 21, 2014, the PCRA court granted counsel's petition to withdraw. Subsequently, on May 14, 2014, the PCRA court filed an order denying Appellant's PCRA petition. Thereafter, Appellant filed the instant appeal.

Prior to any discussion concerning the claims Appellant purports to raise on appeal, we must address whether the appeal was filed in a timely manner. It is well settled that the "[t]imeliness of an appeal is a jurisdictional question." *Commonwealth v. Pena*, 31 A.3d 704, 707 (Pa. Super. 2011). "When a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." *Id*. (citation omitted). As noted above, the order denying Appellant's PCRA

petition was filed on May 14, 2014. Therefore, Appellant had thirty days to file a timely appeal. Pa.R.A.P. 903(a). The thirtieth day fell on Friday, June 13, 2014. However, the record reflects that Appellant's notice of appeal was not filed in this Court until ten days later on June 23, 2014. On July 29, 2014, this Court issued a rule to show cause as to why this appeal should not be quashed as untimely, and we directed Appellant to respond within ten days. Appellant's response was received in this Court on August 7, 2014. On August 26, 2014, we filed an order discharging the rule to show cause and informing Appellant that the timeliness issue may be addressed by the panel assigned to address the merits of his appeal. We shall now conduct that review.

While Appellant's notice of appeal was filed in this Court ten days late, we are cognizant that Appellant was incarcerated at the time of said filing. The "prisoner mailbox rule" provides a limited exception to the time requirements for filings in the courts of this Commonwealth. ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011). The prisoner mailbox rule allows a *pro se* document to be deemed filed on the date it is placed in the hands of prison authorities for mailing. ***Id***.

In his response to the rule to show cause, Appellant claimed that when he first mailed his notice of appeal, he errantly labeled the envelope with the incorrect address, and the documents were returned to sender seven days later. Appellant's Response to Rule to Show Cause, 8/7/14, at 2 (unnumbered page). Appellant avers that he then mailed the notice of

appeal to the correct address where it was docketed on June 23, 2014. **Id**. We are constrained to conclude that Appellant's response does not save his appeal from being untimely.

While Appellant attached to his response to the rule to show cause two envelopes allegedly containing his initial notice of appeal and Pa.R.A.P. 1925(b) statement[1] that were allegedly sent to the wrong address, we have no way of knowing what was in those envelopes when they were mailed. Thus, these envelopes do not establish that the notice of appeal was placed in the hands of the prison authorities for mailing on or before June 13, 2014. Moreover, and what we deem fatal to Appellant's attempt to employ the prisoner mailbox rule is that the handwritten notice of appeal contains an affidavit of service bearing the date June 14, 2014. Certified Record, at docket entry 18. Thus, the notice of appeal itself was dated one day late, and we cannot construe it as having been placed in the prison mail a day before it was written. Accordingly, as Appellant's appeal was untimely, we quash the appeal.

Assuming for the sake of argument, however, that the appeal had been timely, Appellant would be entitled to no relief. In his appeal, Appellant avers in his argument that his sentence was excessive and that his

_____

[1] While the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant filed said statement of his own accord.

mandatory minimum sentence was illegal under ***Commonwealth v. Munday***, 78 A.3d 661 (Pa. Super. 2013) (applying ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013)).[2] Appellant's Brief at 11-12. Appellant's arguments would fail.

First, his claim regarding the duration of his sentence was previously litigated and disposed of on direct appeal.[3] ***Clausen***, ***supra***. Secondly, Appellant was not sentenced to the mandatory minimum sentence, and therefore, because the mandatory minimum was not applied, ***Munday*** and the mandate from ***Alleyne*** and its progeny are not implicated. ***See Commonwealth v. Samuel***, 102 A.3d 1001, 1008 (Pa. Super. 2014) (discussing a scenario where the trial court technically violated ***Alleyne/Munday*** by making a determination as to how much contraband the defendant possessed, but concluding that because the trial court did not sentence the defendant to the prescribed mandatory minimum sentence or

---

[2] In ***Alleyne***, the United States Supreme Court held that any fact that increases a mandatory minimum sentence must be submitted to the jury and be found beyond a reasonable doubt.

[3] In order to be entitled to PCRA relief, one of the requirements of the PCRA is that the appellant must establish by a preponderance of the evidence that his claims have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An issue is previously litigated if the highest appellate court in which the appellant could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a). "An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

impose any enhancement that required a factual predicate before application, the trial court's technical violation of *Alleyne/Munday* was irrelevant because *Alleyne/Munday* did not apply where the mandatory minimum was not imposed).  Therefore, were we to reach the merits of Appellant's issues on appeal, we would conclude that he is entitled to no relief.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/10/2015