J-S22036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL MANUEL RODRIGUEZ, | : | |
| | : | |
| Appellant | : | No. 1560 MDA 2015 |

Appeal from the PCRA Order April 20, 2015,
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0000831-2008

BEFORE: MUNDY, DUBOW, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:          **FILED MAY 13, 2016**

Angel Manuel Rodriguez (Appellant) appeals from the April 20, 2015 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel has filed with this Court a motion to withdraw and no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Upon review, we quash the appeal for lack of jurisdiction.

"It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations and internal quotation marks omitted).

___

*Retired Senior Judge assigned to the Superior Court.

Pursuant to Pa.R.A.P. 903(a), a "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 108(a)(1) provides, in relevant part, as follows: "in computing any period of time under these rules involving the date of entry of an order by a court …, the day of entry shall be the day the clerk of the court … mails or delivers copies of the order to the parties."

Here, the certified record establishes that the PCRA court's order denying Appellant's petition was filed on April 20, 2015, and that the order was mailed to counsel on that date. Appellant's *pro se* notice of appeal was filed nearly five months later on September 8, 2015. Accordingly, on October 1, 2015, this Court issued an order directing Appellant to show cause as to why the appeal should not be quashed as untimely filed.

Appellant's counsel responded, explaining that (1) Appellant never received a copy of the PCRA court's April 20, 2015 order because it was mailed to the incorrect address, (2) Appellant contacted counsel in August 2015 to inquire about the status of his PCRA petition, (3) counsel "informed Appellant that his petition had been denied in April 2015" and forwarded a copy of the order to Appellant, and (4) upon receipt of the order in August 2015, Appellant *pro se* filed the notice of appeal. Answer to Order to Show Cause, 10/9/2015, at unnumbered pages 1-2. Counsel's response explained that attached to Appellant's notice of appeal "was a letter indicating that Appellant, upon reviewing the denial order, had just discovered the mailing

error and cited it as the reason the notice of appeal was untimely" filed. ***Id.*** at unnumbered page 2. Thus, Appellant, through the counseled response, "request[ed] this Court to allow him to proceed with his appeal *nunc pro tunc* as he never received notice that his PCRA petition was denied." ***Id.*** On October 13, 2015, this Court discharged the show-cause order and referred the issue to the merits panel.

Upon review, we conclude that the circumstances surrounding Appellant's personal receipt of the PCRA court's April 20, 2015 order are of no moment, as it is undisputed that Appellant was represented by counsel of record, and Appellant's counsel was served with the order on April 20, 2015. ***See generally*** Pa.R.Crim.P. 114(b) (providing, *inter alia*, that "[a] copy of any order or court notice promptly shall be served on each party's attorney, **or the party if unrepresented**" (emphasis added)).[1] Because the notice of appeal was not filed within 30 days of the day Appellant's counsel was served with the PCRA court's April 20, 2015 order, the appeal is untimely filed.[2] Accordingly, we quash the appeal for lack of jurisdiction.

---

[1] Indeed, there was no reason why Appellant, a represented party, was served personally with any of the court's filings.

[2] If it is Appellant's position that counsel knew or should have known of his desire to appeal the denial, he may attempt to obtain relief through a serial PCRA petition.

- 3 -

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 5/13/2016