COMMONWEALTH of Pennsylvania,
Appellee

v.

Nathaniel CRAWFORD, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 3, 2011.

Filed April 8, 2011.

Nathaniel Crawford, appellant, pro se.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: SHOGAN, MUNDY and FITZGERALD *, JJ.

* Former Justice specially assigned to the Superior Court.

OPINION BY SHOGAN, J.:

Appellant, Nathaniel Crawford, appeals from the order entered on May 13, 2009, that denied his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. For the reasons that follow, we quash.

The relevant facts and procedural history of this matter were aptly set forth by the PCRA court as follows:

Following a jury trial before this court, [Appellant] was found guilty of two counts of murder of the second degree, two counts of aggravated assault, one count of arson and risking a catastrophe and two counts of criminal trespass. On February 19, 2004, [Appellant] was sentenced to two consecutive terms of life imprisonment for the murders; two consecutive terms of five (5) to ten (10) years imprisonment for aggravated assault; and a concurrent term of three and one-half (3½) to seven (7) years imprisonment for risking a catastrophe. No further penalty was imposed on either the conviction of arson or criminal trespass. Bernard L. Siegel, Esquire, represented [Appellant] at trial.

Represented by privately retained counsel, David M. McGlaughlin, Esquire, [Appellant] filed a direct appeal in the Superior Court. Judgment of sentence was affirmed on September 7, 2005. A petition for allowance of appeal was not filed.

On November 14, 2005, [Appellant] filed a *pro se* petition under the Post Conviction Relief Act (PCRA) 42 Pa. C.S.A. § 9545(b). David S. Rudenstein, Esquire was appointed counsel on behalf of [Appellant]. On May 15, 2006, Attorney Rudenstein filed an amended petition. [Appellant] was granted leave to file Petition for Allowance of Appeal *nunc pro tunc* to the Supreme Court. On November 30, 2006, the Supreme Court denied the Petition for Allowance of Appeal.[1]

[1] In the interim, [Appellant] filed a *pro se* Notice of Appeal with the Superior Court (2527 EDA 2006) that was quashed on May 10, 2007.

On October 9, 200[7], [Appellant] filed a pro se petition for post-conviction collateral relief. Earl G. Kauffman, Esquire was appointed counsel on behalf of [Appellant]. Following an examination of the case, Mr. Kauffman filed a *Finley* Letter, indicating that the issues raised by the [Appellant] were without merit and that there were no additional issues which could be raised in a counseled Amended Petition. After conducting a review of the record, this court dismissed the petition on May 13, 2009.[2] Mr. Kauffman was permitted to withdraw as counsel, and [Appellant] filed a [ ] Notice of Appeal.[3]

[2] The dismissal occurred more than twenty days after [Appellant] was served with notice of the forthcoming dismissal of his PCRA petition. Pa. R.Crim. P. 907.

[3] The June 10, 2009 Notice of Appeal appears to have only been received by this court; the certificate of service lists an erroneous address for the District Attorney Office and no service was attempted to the Clerk of Quarter Sessions.

On August 6, 2009, [Appellant] filed a PCRA petition requesting reinstatement of his appellate rights *nunc pro tunc* "due to a breakdown in administrative procedures." On October 15, 2009, upon consideration of the petition and after careful review of the record, this court determined that the *pro se* Notice of Appeal [Appellant] submitted on June 10, 2009 was to be accepted and deemed timely for purposes of appeal.

PCRA Court Opinion, 10/22/09, at 1–2 (footnotes original).

■ Prior to reaching any of the issues Appellant purports to raise, we must first

address whether this appeal is properly before our Court. It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. *Commonwealth v. Nahavandian*, 954 A.2d 625, 629 (Pa.Super.2008). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Id.* (citation omitted).

■ Here, the record reflects that the PCRA court allowed Appellant's counsel to withdraw and dismissed Appellant's PCRA petition on May 13, 2009. The PCRA court explained that a notice of appeal was mailed to its chambers on June 10, 2009. Trial Court Opinion, 10/22/09, at 2; Notice of Appeal (certified record at 25). However, the notice of appeal was not sent to the Clerk of Quarter Sessions or served on the District Attorney. Nearly two months later, on August 6, 2009, Appellant filed another PCRA petition imploring the PCRA court to deem his appeal timely pursuant to the prisoner mailbox rule.[1] PCRA Petition, 8/6/09, at 3, 6. Upon consideration of this filing, the PCRA court ruled "the Notice of Appeal sent by [Appellant] and received by the court on or about June 10, 2009[,] is accepted and is deemed timely." Order, 10/15/09. While the PCRA court did not explain its rationale in the order, we conclude that it was improper for the PCRA court to consider the appeal timely.

■ Here, Appellant's June 10, 2009 notice of appeal was deposited in the prison mail system within 30 days from the date the PCRA court denied his petition for relief on May 13, 2009. Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.

*Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super.2007).

While the notice of appeal was deposited in the mail in a timely fashion, which would render it timely filed under the mailbox rule, the notice of appeal was not sent to the Clerk of Quarter Sessions.[2] The Pennsylvania Rules of Appellate Procedure set forth the following rules regarding the proper filing of an appeal:

**Manner of Taking Appeal**

An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902.

**Time for Appeal**

(a) General rule. Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a).

**Filing of Notice of Appeal**

(a) Filing with clerk.

(1) Two copies of the notice of appeal, the order for transcript, if any, and the proof of service required by Rule 906 (service of notice of appeal), shall be filed with the clerk of the trial court. If

---

1. In light of our disposition and because it is not relevant nor a consideration in our discussion, we need not address the timeliness of the August 6, 2009 PCRA Petition.

2. In criminal matters in Philadelphia, the office of the clerk of courts is called the Clerk of Quarter Sessions. *Commonwealth v. Tedesco*, 379 Pa.Super. 567, 550 A.2d 796, 798 (1988)

the appeal is to the Supreme Court, the jurisdictional statement required by Rule 909 shall also be filed with the clerk of the trial court.

(2) If the appeal is a children's fast track appeal, the concise statement of errors complained of on appeal as described in Rule 1925(a)(2) shall be filed with the notice of appeal and served in accordance with Rule 1925(b)(1).

(3) Upon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket.

(4) If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, **the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court** which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

(5) A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.

Pa.R.A.P. 905(a) (emphasis added).[3]

 As noted, Appellant's notice of appeal was not mailed to a filing office, but was mailed to the PCRA court judge. It is well settled that simply depositing a motion in a judge's chambers is not filing.

*Tedesco,* 550 A.2d at 798. Similarly, we hold that the filing of a notice of appeal, even when we consider Pa.R.A.P. 905 concerning improper filing, requires the notice of appeal to, at a minimum, be sent to the **clerk of courts.** Therefore, while the prisoner mailbox rule uses the term "filed," the document must at least be addressed to a proper filing office within the Unified Judicial System in order to complete the filing.

For the reasons set forth above, we conclude that Appellant's appeal was untimely. Because the appeal was untimely, we are constrained to quash the appeal. *Nahavandian,* 954 A.2d at 630.

Appeal quashed.

---

**3.** The components of Pennsylvania's Unified Judicial System are set forth as follows:

The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the:

(1) Supreme Court.
(2) Superior Court.
(3) Commonwealth Court.
(4) Courts of common pleas.
(5) Community courts.
(6) Philadelphia Municipal Court.
(7) Pittsburgh Magistrates Court.
(8) Traffic Court of Philadelphia.
(9) Magisterial district judges.

All courts and magisterial district judges and their jurisdiction shall be in this unified judicial system.

42 Pa.C.S.A. § 301. The aforementioned courts' respective filing offices are not delineated as separate offices from that court.