J-A22017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAMUEL STEINBERG, | : | |
| | : | |
| Appellant | : | No. 148 MDA 2014 |

Appeal from the Judgment of Sentence Entered December 11, 2013,
In the Court of Common Pleas of Lancaster County,
Criminal Division, at No. CP-36-SA-0000249-2013.

BEFORE:  PANELLA, SHOGAN and FITZGERALD*, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 24, 2014**

Appellant, Samuel Steinberg, purports to appeal from the judgment of sentence entered on December 11, 2013, in the Lancaster County Court of Common Pleas.  Upon review, we are constrained to quash the appeal as untimely.

On July 24, 2013, Appellant was convicted of the summary offense of disorderly conduct.  Appellant filed a timely *de novo* appeal with the trial court, and on December 11, 2013, Appellant was again found guilty.  On that same day, the trial court sentenced Appellant to a $100.00 fine plus court costs.  While Appellant filed a motion for reconsideration, reconsideration was not expressly granted, and therefore, the motion did not toll the thirty-day appeal period.  Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(D);

_____
*Former Justice specially assigned to the Superior Court.

*see also Commonwealth v. Moir*, 766 A.2d 1253 (Pa. Super. 2000) (stating that while there are no post-sentence motions in summary appeals following a trial *de novo*, a defendant may file a motion for reconsideration; **however**, only where reconsideration is **expressly granted** will the appeal period be tolled) (emphasis added).[1]

Thus, in the instant case, in order to be considered timely, Appellant's notice of appeal had to be filed by January 10, 2014, thirty days after judgment of sentence was entered. Pa.R.A.P. 903(a). However, the docket reveals that Appellant did not file his notice of appeal until January 22, 2014.

---

[1] The dissent posits that there was a breakdown in the operation of the court with respect to Appellant being apprised of his appellate rights that would enable this Court to address the untimely-filed appeal. The dissent cites to **Commonwealth v. Patterson**, 940 A.2d 493, 498-499 (Pa. Super. 2007) (applying Pa.R.Crim.P. Rule 720), a case based on this Court's application of the post-sentence rights and the timing requirements for the filing of post-sentence motions. As noted above, after sentencing in a *de novo* trial, post-sentence motions are not permitted. Therefore, following a *de novo* trial, the Pennsylvania Rules of Criminal Procedure do not require the trial court to inform the defendant of the time in which to file post-sentence motions. Rather, the Rules of Criminal Procedure require the defendant to be informed of the thirty-day period in which to file an appeal. Pa.R.Crim.P. 462(G)(2). Here, the record reflects that defendant was informed of his right to appeal within thirty days and that he could file a motion for reconsideration within ten days. **See** N.T., 12/11/13, at 28. As stated above, while post-sentence motions are not permitted following *de novo* trials, motions for reconsiderations are allowed; however, there is no requirement that at the time of sentencing the defendant must be informed that in order to toll the thirty-day appeal period, the motion for reconsideration must be granted. While Appellant's post-sentence rights were provided in a cursory manner, he was informed. The curtness of the post-sentence rights does not, in this instance, equate to a breakdown that allows this Court to reach the merits of this untimely appeal.

Moreover, Appellant's notice of appeal was from the order denying reconsideration, which is improper because the appeal lies from the judgment of sentence. **Commonwealth v. Yancoskie**, 915 A.2d 111, 113 n.1 (Pa. Super. 2006); **see also Moir**, 766 at 1254 ("we have consistently held that an appeal from an order denying reconsideration is improper and untimely").

Because Appellant's motion for reconsideration did not toll the appeal period, and because Appellant filed his notice of appeal twelve days late, we are constrained to quash the appeal as untimely. **See Commonwealth v. Crawford**, 17 A.3d 1279 (Pa. Super. 2011) (quashing appeal when the notice of appeal was not timely).

Appeal quashed.

Judge Panella joins this Memorandum.

Justice Fitzgerald files a Dissenting Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/24/2014</u>