J-S15022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUSSELL A. WALLERY, | |
| Appellant | No. 3243 EDA 2014 |

Appeal from the PCRA Order of October 22, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001596-2009

BEFORE:  BENDER, P.J.E., OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 02, 2016**

Appellant, Russell A. Wallery, appeals from the order entered on October 22, 2014, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court briefly summarized the facts and procedural history of this case as follows:

> On July 16, 2010, [Appellant] was convicted by a jury of his peers [of] one count of rape of a child (18 Pa.C.S.A. § 3121(c)); one count of involuntary deviate sexual intercourse (18 Pa.C.S.A. § 2123(a)(7)); one count of indecent assault (18 Pa.C.S.A. § 3126(a)(7)); and one count of corruption of minors (18 Pa.C.S.A. § 6301(a)(1)), in connection with allegations of sexual contact with the minor daughter of his live-in companion.  Subsequent to the verdict, [Appellant] was evaluated by a member of the Sexual Offender Assessment Board, and on October 14, 2010, a hearing was held … [and, upon] consideration of the evidence presented, the [trial] court adjudged [Appellant] a sexually violent predator.  Thereafter, he was

_____
*Retired Senior Judge assigned to the Superior Court.

sentenced for his crimes to an aggregate term of twenty-seven (27) to fifty-four (54) years of imprisonment.

[Appellant] filed timely post-sentence motions on October 22, 2010. The [trial] court entered an order denying the motions on February 21, 2011. On March 18, 2011, [Appellant] appealed [his judgment of sentence]. [We] issued a ruling on June 19, 2012, [affirming Appellant's] convictions on all charges[.] However, [we] vacated and remanded the sentence of twelve (12) to twenty-four (24) years [of imprisonment] on the charge of involuntary deviate sexual intercourse ("IDSI") for the purpose of allowing [the trial] court to place its reasons for the aggravated sentence on the record.

The [trial] court held a resentencing hearing as to the IDSI charge on August 17, 2012 at which time the [trial] court imposed the same sentence of twelve (12) to twenty-four (24) years [of imprisonment] upon [Appellant], stating its reasons on the record. On August 27, 2012, [Appellant] filed [for reconsideration], which [the trial] court denied by an order entered on October 5, 2012.

On August 14, 2013, [Appellant] filed a *pro se* petition for [PCRA relief]. Upon receipt of the petition, the [PCRA] court appointed counsel to represent [Appellant]. Attendant with that appointment, counsel sought and obtained certain records in furtherance of [Appellant's] claims, which required that the hearing on [Appellant's] petition be continued several times. A hearing was ultimately held on June 24, 2014. Contemporaneously with the date of the hearing, [Appellant] filed a supplemental PCRA petition through counsel for the purpose of more fully setting forth the issues raised during the hearing. On October 22, 2014, the [PCRA] court denied [Appellant's] PCRA petition[.]

PCRA Court Opinion, 1/13/2015, at 1-2 (superfluous capitalization omitted).

Thereafter, on November 14, 2014, Appellant filed a *pro se* notice of appeal, despite still being represented by counsel.[1] The trial court docket indicates that the clerk of courts forwarded a copy of the *pro se* notice of appeal to Appellant's counsel of record.[2] Appointed PCRA counsel took no further action. Subsequently, on November 20, 2014, the PCRA court entered an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal within 21 days. The docket reflects that the PCRA court sent the Rule 1925(b) order directly to Appellant, but not to appointed counsel. Appellant then filed a *pro se* Rule 1925(b) statement that was timely under the prisoner mailbox rule.[3] The docket reflects that appointed counsel did not receive a copy of the *pro se* Rule 1925(b) statement. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 13, 2015.

_____

[1] There is no indication that appointed PCRA counsel ever sought to withdraw.

[2] As discussed at length **infra**, our Prothonotary entered a *per curiam* order directing the PCRA court to explain Appellant's representation status, because while Appellant proceeded *pro se*, counsel of record had not been permitted to withdraw. That *per curiam* order states, "there is no indication on the docket that the PCRA court forwarded Appellant's *pro se* notice of appeal" to counsel of record. **See** Order, 6/23/2015, at 1 (unpaginated). However, upon closer inspection of the PCRA court's docket, there is a notation indicating that notice of appeal was sent to counsel. **See** Northhampton County Criminal Docket #CP-48-CR-0001596-2009, at 23.

[3] "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011).

On January 20, 2015, our Prothonotary issued a briefing schedule. On March 2, 2015, April 16, 2015, and June 15, 2015, Appellant submitted *pro se* requests for extensions to file his appellate brief. We granted the first two extension requests. With regard to the third request, Appellant averred he may be represented by counsel. Accordingly, our Prothonotary entered a *per curiam* order on June 23, 2015, directing the PCRA court to explain the status of Appellant's representation within 14 days. In that *per curiam* order, this Court recognized that PCRA counsel was listed as Appellant's counsel of record and there was no indication that he received permission to withdraw. We further noted, as explained above, that the PCRA court directed its Pa.R.A.P. 1925(b) statement to Appellant and Appellant subsequently filed a *pro se* Rule 1925(b) statement. Further, while the PCRA court's January 2015 Rule 1925(a) opinion states that Appellant sought new appellate counsel and that the court accepted the request and entered a separate order of court making a new appointment, no such documentation appears in the certified record. Thus, we ordered the PCRA court to notify our Prothonotary, in writing, of Appellant's representation status within 14 days. Thereafter, pursuant to the order of our Prothonotary, on June 26, 2015, the PCRA court entered an order removing prior PCRA counsel and appointing Tyree Blair, Esquire, as new counsel for Appellant. That order was filed with this Court on July 2, 2015. Subsequently, on November 25, 2015, Attorney Blair filed a brief on behalf

of Appellant with this Court, presenting issues related solely to original PCRA counsel's alleged ineffectiveness.

On March 3, 2016, this Court filed a memorandum opinion wherein we concluded that the PCRA court erred by accepting Appellant's *pro se* Rule 1925(b) statement while he was still represented by counsel and then issuing a subsequent Rule 1925(a) opinion based upon the *pro se* filing. Because Appellant was represented by counsel on appeal, his *pro se* Rule 1925(b) statement was a legal nullity. Hence, we directed newly appointed counsel, Tyree Blair, Esquire, to file a Rule 1925(b) statement with the PCRA court and for the PCRA court to issue a Rule 1925(a) opinion thereafter. Attorney Blair and the trial court have complied. Subsequently, our Prothonotary established a new briefing schedule, Attorney Blair and the Commonwealth have filed new briefs, and the record has been returned to this Court.

On appeal, Appellant presents the following issues for our review:

1. Whether [prior] PCRA [c]ounsel was ineffective, when counsel failed to raise the matter of newly discovered evidence with [a] Children and Youth [t]ranscript[?]

2. Whether [prior] PCRA [c]ounsel was ineffective, when counsel failed to raise the matter of newly discovered evidence in a Northampton County Court [o]pinion which determined polygrapher (Charles Patton) not to be credible[?]

Appellant's Brief at 3.

In both issues, Appellant claims that prior PCRA counsel was ineffective. However, "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Instead, "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition[.]" *Commonwealth v. Ford*, 44 A.3d 1190, 1200 (Pa. Super. 2012). We simply may not entertain claims that were not first presented to the PCRA court:

> [Our Supreme Court has] stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA. The proper vehicle for raising [a later] claim is thus not [on] appeal, but rather in a subsequent PCRA petition.

*Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (internal citations and original brackets omitted). Accordingly, we are constrained to find the issues presently before us have been waived.

Order affirmed.

Judge Platt joins this memorandum.

President Judge Emeritus Bender files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2016