J-S10045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALTON DANIEL BROWN | : | |
| | : | |
| Appellant | : | No. 1346 EDA 2017 |

Appeal from the PCRA Order December 30, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001095-1997

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 22, 2018**

Appellant Alton Daniel Brown appeals *pro se* from the order dismissing his fifth Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant claims that the PCRA court erred in (1) failing to consider his recusal motion, (2) refusing to consider his alleged status as a political prisoner as a claim for *habeas corpus* relief, and (3) rejecting his claim that he timely filed the instant petition upon recently discovering the fact that he is a political prisoner. We quash.

A detailed recitation of the history of Appellant's 1998 sentence of twenty to forty years' imprisonment for possessing an instrument of crime and

---

[1] 42 Pa.C.S. §§ 9541-9546.

robbery[2] is unnecessary in this matter.  Of relevance here, Appellant filed the instant *pro se* "Petition for Writ of *Habeas Corpus* and/or Post Conviction Relief" on November 14, 2016.[3]

On November 30, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition.  Appellant filed a *pro se* "Response to Notice of Intent to Dismiss and Request for Recusal."[4]  The PCRA court dismissed Appellant's petition on December 30, 2016, but did not address his request for recusal.

Appellant filed a *pro se* notice of appeal that was docketed on April 25, 2017.  The notice of appeal was dated January 6, 2017.  An envelope

---

[2] 18 Pa.C.S. §§ 907 and 3701, respectively.

[3] Appellant claimed that he was a political prisoner and raised several PCRA claims.  Appellant asserted that he discovered he was a political prisoner after the courts of the Commonwealth and the United States denied him relief.  He maintained his innocence, asserted that various errors limited his right to present a full defense, and stated that officials sabotaged his efforts to obtain relief.  In a section requesting *habeas corpus* relief, Appellant requested that he be officially recognized as a political prisoner "instead of being classified as a legally convicted and sentenced prisoner."  Pet. for Writ of *Habeas Corpus* and/or Post Conviction Relief, 11/14/16, at 6.

[4] Appellant asserted that he was claiming political prisoner status for the first time and that he stated at least two exceptions to the PCRA time bar based on that status.  Additionally, Appellant asserted that the PCRA court's intended dismissal of his petition evinced the court's involvement in the conspiracy to sabotage his efforts to obtain relief.  Appellant thus claimed there was the appearance of partiality or an actual conflict of interest and demanded that "[a]ll current and further proceeding regarding th[is] case . . . be automatically referred to the Office of the Court Administrator for reargument."  Appellant's Resp. & Request for Recusal, 12/21/16, at 1.

- 2 -

postmarked April 19, 2017, with $0.46 in postage paid was attached to the notice of appeal. Additionally, a DC-138A prison cash slip dated January 6, 2017 in Appellant's handwriting was attached. The cash slip did not bear a signature of a prison official or a notation of a deduction from Appellant's account.

The PCRA court issued an order for the filing of a Pa.R.A.P. 1925(b) statement. Appellant timely filed his Rule 1925(b) statement after obtaining an extension of time. The court filed a responsive opinion suggesting that Appellant's notice of appeal was untimely and that Appellant failed to establish that he timely filed his PCRA petition.

On June 23, 2017, this Court issued a rule to show cause why this appeal should not by quashed. Appellant responded *pro se* and maintained that he delivered his notice of appeal to prison officials on January 6, 2017.

In his response to the rule to show cause, Appellant averred that he requested a completed copy of the prison cash slip, but his request was refused. In support, he attached a handwritten note to the prison business office, dated January 19, 2017, requesting a cash slip. On that document, Appellant wrote, "I did not date this cash slip, but it should have been signed by staff on or about 1/6/17. It is needed to prove that I mailed my PCRA petition to the court on or about 1/6/16 (cash slip enclosed)." A handwritten response at the bottom of the note stated, "This is not considered legal" and referred Appellant to his monthly billing statement. The response was apparently dated April 20, 2017.

Appellant also attached a copy of his monthly billing statement and averred that the entry for January 6, 2017, confirmed that his notice of appeal was mailed on that date. The entry for January 6, 2017, however, indicates a mailing to Norristown with a deduction of $0.88 from his account.

Appellant further averred that after discovering that a notice of appeal had not been docketed in the trial court, he filed a petition for *nunc pro tunc* relief on April 18, 2017. According to Appellant, he attached a copy of his January 6, 2017 notice of appeal and the copy of the cash slip to his petition for *nunc pro tunc* relief. Appellant thus claimed that the court clerk must have disregarded his petition for *nunc pro tunc relief* and instead filed the attached copy of the notice of appeal and cash slip with the envelope postmarked April 19, 2017.[5]

This Court discharged the rule to show cause and referred the matter to this panel. For the reasons that follow, we conclude that this appeal was not timely filed.

"It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations and quotation marks omitted). Generally, an appellant invokes this Court's jurisdiction by

---

[5] The record does not contain a copy of Appellant's petition for *nunc pro tunc* relief.

filing a notice of appeal within thirty days of the entry of the order being appealed. *See* Pa.R.A.P. 903(a).

In an appeal from the denial of PCRA relief, the Pennsylvania Supreme Court has reiterated that a *pro se* prisoner's notice of appeal will be deemed filed when it is placed in a prison mailbox or deposited with prison authorities. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (discussing the "prisoner mailbox" rule). The *pro se* prisoner, however, "bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." ***Id.***

***Jones*** instructs that courts should be "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." ***Id.*** Examples of such evidence include postmarks on the envelope used to mail the notice of appeal or postal forms that indicate the date of mailing. ***Id.*** The prisoner may also produce a cash slip "noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing," or an "affidavit attesting to the date of deposit." ***Id.*** Evidence regarding the prison's or the court's mail policies may also establish the last possible date on which an appeal was delivered to prison officials. ***Id.***

Here, the PCRA court refused to consider Appellant's incomplete prison cash slip as reasonably verifiable evidence. The court noted that the cash slip did not indicate that postage was deducted from his account and was not signed by a prison official. We agree with the court's analysis that the

incomplete cash slip did not constitute reasonably verifiable evidence of the date Appellant allegedly deposited his notice of appeal. *See id.*

Appellant's attempts to bolster his claim that he deposited his notice of appeal with prison officials on January 6, 2017, are unavailing. Appellant's handwritten note to the business office not only suffered from dubious authenticity, but also contained internal inconsistencies. First, the notations suggested that Appellant made his request on January 19, 2017—thirteen days after he purported to have delivered his notice of appeal to prison officials, but some two months before he alleged he discovered his appeal was not yet docketed. Second, the request was made to verify the filing of a "PCRA petition," not a notice of appeal. Third, the handwritten response was dated April 20, 2017.

Appellant's billing statement was also problematic. It only indicated that $0.88 was deducted from his account for mail to Norristown on January 6, 2017, yet the envelope attached to his notice of appeal was postmarked for $0.46 postage paid.

We acknowledge Appellant's allegation that he attached a copy of his notice of appeal as an exhibit to a petition for *nunc pro tunc* relief that he mailed in April of 2017. Nevertheless, we cannot blindly accept his theory that court officials discarded his petition for *nunc pro tunc* relief and filed the exhibit with the attached envelope for his April 2017 mailing.

Thus, Appellant has not produced reasonably verifiable evidence that he timely filed his notice of appeal. **See Jones**, 700 A.2d at 426. Accordingly, we must quash this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/18