J-S05018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUSIE VANNUCCI | : | |
| | : | |
| Appellant | : | No. 840 WDA 2017 |

Appeal from the Judgment of Sentence May 5, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001306-2016,
CP-25-CR-0001968-2015, CP-25-CR-0002337-2016

BEFORE: OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: FILED JULY 09, 2018

Susie Vannucci appeals from the judgment of sentence imposed on May 5, 2017, in the Court of Common Pleas of Erie County following the revocation of probation at Docket Nos. 1968-2015, 1036-2016, and 2337-2016. Vannucci received an aggregate sentence of 11½ to 23 months' incarceration to be followed by 6 months of restrictive intermediate punishment, commencing with 30 days' electronic monitoring, to be followed by six months of probation. Contemporaneous with this appeal, Vannucci's counsel has filed a petition to withdraw from representation and an Anders brief. See Anders v California, 386 U.S. 738 (1967); Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981). The single issue identified in the Anders brief is a challenge to the discretionary aspects of the sentence. However, because this appeal is untimely, we have no jurisdiction, and must quash the appeal.

_____

* Retired Senior Judge assigned to the Superior Court.

The trial court has aptly summarized the facts and procedural history of this case, as follows:

At Docket Number 1968 of 2015, [Vannucci] pled guilty to recklessly endangering another person on June 1, 2016.[1] All other counts were nolle prossed. On August 3, 2016, [Vannucci] was sentenced to 24 months of probation.

On October 26, 2016, [Vannucci] pled guilty to two DUI - general impairment offenses at Docket Numbers 1306 and 2337 of 2016.[2] At Docket Number 1306 of 2016, [Vannucci] also pled guilty to driving while operating privilege suspended or revoked.[3] All other counts were nolle prossed. That same day, [Vannucci] was sentenced to 6 months of probation for the first DUI offense at Docket Number 2337 of 2016. For the second DUI at Docket Number 1306 of 2016, [Vannucci] received Restrictive Intermediate Punishment for 6 months, including electronic monitoring for 30 days, running concurrently to the first DUI.

_____

[1] 18 Pa.C.S.A. § 2705.

[2] 75 Pa.C.S.A. § 3802(a)(1).

[3] 75 Pa.C.S.A. § 1543(a).

_____

On March 22, 2017, Magisterial District Justice Mark Krahe found [Vannucci] guilty of driving while operating privilege suspended or revoked at Traffic Docket Number 2241 of 2016. As a result, [Vannucci] was subsequently revoked at the three above dockets on May 5, 2017. [Vannucci] was then resentenced to 11.5 to 23 months' incarceration at Docket Number 1968 of 2016 with 53 days of credit for time served. At Docket Number 1306 of 2016, [Vannucci] was resentenced to a Restricted Intermediate Punishment sentence of 6 months, starting with 30 days of electronic monitoring, consecutive to Docket 1968 of 2015. At Docket Number 2337 of 2016, [Vannucci] was resentenced to 6 months' probation, consecutive to Docket Number 1306 of 2016.

On May 9, 2017, [Vannucci] filed a Motion for Reconsideration. [Vannucci] claimed the Court failed to consider

various mitigating factors. [Vannucci] argued that the sentence was excessive in light of her criminal history and work experience. The Motion was denied by Order dated May 10, 2017.

[Vannucci] filed a Notice of Appeal on June 6, 2017. On June 28, 2017, [Vannucci] filed a Petition for Extension of Time to File a Statement of Matters Complained of on Appeal, which was granted June 30, 2017. [Vannucci] filed a Statement of Matters Complained of on Appeal ("Concise Statement") on July 19, 2017. [Vannucci] argues the aggregate sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code.

Trial Court Opinion, 8/4/2017, at 1-2.

As noted above, the sentence was imposed on May 5, 2017. Vannucci had until June 4, 2017, 30 days later, to file a timely appeal. However, June 4, 2017 was a Sunday. Therefore, Vannucci had until Monday, June 5, 2017 to file a timely appeal. See 1 Pa.C.S. § 1908. The appeal was not filed until June 6, 2017, 31 days after sentence was imposed.[1]

It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered sua sponte. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.

Commonwealth v. Crawford, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations omitted).

---

[1] Vannucci filed a motion for reconsideration on May 9, 2017. This motion was denied on May 10, 2017. We note that the filing of a motion for reconsideration, alone, does not toll the 30-day appeal period. See Commonwealth v. Moir, 766 A.2d 1253 (Pa. Super. 2000); Pa.R.A.P. 903(a) and 1701(3). Moreover, the May 10, 2017 order denying Vannucci's motion for reconsideration specifically informed Vannucci she had 30 days from May 5, 2017 in which to file her appeal. See Order, 5/10/2017, at ¶ 1.

This appeal is untimely and we have no jurisdiction to entertain the merits therein. Accordingly, we quash this appeal.

Appeal quashed. Petition for leave to withdraw as counsel dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2018