J-S59024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WALID ESMAT MITWALLI | : | |
| | : | |
| Appellant | : | No. 3914 EDA 2017 |

Appeal from the Order Dated November 1, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006888-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED SEPTEMBER 25, 2018**

Walid Esmat Mitwalli appeals *pro se* from the trial court's November 1, 2017 order denying his petition to amend his sentencing order to delay the collection of fines, costs and restitution.[1] We quash the appeal.

On November 13, 2015, Mitwalli entered an open guilty plea to third-degree murder in connection with the stabbing death of his wife. In alignment with the Commonwealth's recommended sentence, on July 25, 2016, the trial court sentenced Mitwalli to 15-40 years' incarceration, as well as $14,537.50 in costs of prosecution and a $100 crime victim services fee. Mitwalli filed an unsuccessful direct appeal. *See Commonwealth v. Mitwalli*, No. 270 EDA 2016 (Pa. Super. filed September 6, 2017) (unpublished memorandum). On October 23, 2017, Mitwalli filed a petition to amend the trial court's order to

---

[1] The actual sentencing order does not indicate that any restitution was ordered as part of Mitwalli's direct sentence.

delay the court's collection of fines, costs and restitution imposed as part of his sentence. The trial court denied the order on November 1, 2017. On December 4, 2017, Mitwalli filed a *pro se* notice of appeal.

On January 18, 2018, our Court issued a rule to show cause why Mitwalli's appeal should not be quashed as untimely filed. In his response to this Court's order to show cause, Mitwalli contends that:

1. Appeal was sent to Montgomery County Clerk of Courts on November 7, 2017 and stamped November 14, 2017.

2. Appeal was sent to Supreme Court on November 17th, 2017 which was my fault [I put the Supreme Court on the Appeal instead of Superior] [Court].

3. On November 20, 2017[,] I received the attached letter from the Supreme Court advising me to file with Superior [Court].

4. I received that letter on November 24, 2017 then I typed the appeal and sent it to Superior [Court] on November 28, 2017/

5. The envelope should have postmarked on November 29, 2017[,] and if we apply the prison[er] mailbox Rule, then motion has been filed on time.

Mitwalli Response to Rule to Show Cause, 1/29/18.

The trial court docket contains an entry dated 11/14/17 designated as "*Pro Se Correspondence*" with the comment, "Captioned to the Supreme Court." **See** Montgomery County Court of Common Pleas Fillings Information, 11/14/17, at Document Number #6. The corresponding filing to Document #6 is a copy of Mitwalli's petition to amend his sentence. At the top of the document is the following handwritten designation, "IN THE SUPREME COURT OF PENNSYLVANIA." The document notes that it was scanned on 11/1/17, has a Montgomery County Clerk of Courts date-stamp of 11/14/17, and a

Supreme Court date-stamp of 11/17/17. On November 20, 2017, the Supreme Court sent Mitwalli a letter acknowledging receipt of his petition and advising him that the Court "was returning [it] to [him], unfiled, as it is not a proper pleading in this Court and cites no Pennsylvania Rules of Appellate Procedure, which govern all filings in this Court." Supreme Court of Pennsylvania Letter, 11/20/17. The letter also states that if Mitwalli is attempting to appeal the trial court's November 1, 2017 order, a notice of appeal should be filed with the Court of Common Pleas.

Mitwalli's assertion that he timely filed his notice of appeal in the Supreme Court is a liberal use of the term "notice of appeal." The paper Mitwalli sent the Supreme Court was nothing more than a copy of his original petition that he filed in the trial court and that was subsequently denied. ***See*** Pa.R.A.P. 904 (Content of the Notice of Appeal).[2] As the Supreme Court notes,

---

[2] Rule 904 provides the content of a notice of appeal as follows:

(a) Form.-- Except as otherwise prescribed by this rule, the notice of appeal shall be in substantially the following form:

COURT OF COMMON PLEAS OF ---------- COUNTY

A.B., Plaintiff:

v. C.D., Defendant:

Docket or File No. -----

Offense Tracking Number -----

NOTICE OF APPEAL

the petition was not a proper pleading to be filed in that Court and he failed to cite to any appellate rule to explain what his filing was intended to be.[3]

Thus, we do not find that his notice of appeal has been timely filed and must quash the appeal. **See** Pa.R.A.P. 902 (manner of taking appeal).

Appeal quashed.

_____

Notice is hereby given that C.D., defendant above named, hereby appeals to the (Supreme) (Superior) (Commonwealth) Court of Pennsylvania from the order entered in this matter on the --- day of ----------, 20--. This order has been entered in the docket as evidenced by the attached copy of the docket entry.

(S) _____

_____
(Address and telephone number)

[3] Even if we were to disregard the fact that Mitwalli's filing in the Supreme Court was nothing resembling a notice of appeal, he is also unable save the untimeliness of this appeal by application of the prisoner mailbox rule. "Under the prisoner mailbox rule, our Court deems a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). Our Supreme Court has further stated that "[t]he appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period," and that acceptable forms of proof include: a prison "cash slip" that indicates a deduction from an inmate's account for postage and the date of the mailing; an affidavit attesting to the date of deposit with the prison officials; and evidence of internal operating procedures regarding mail delivery in the prison. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Here, the record only contains copies of the fronts of envelopes indicating they were deposited to inmate mail on 1/4/17 and 10/17/17, both predating the entry of the trial court's appealable order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/25/18</u>