J-S74006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
            :  PENNSYLVANIA
     v.      :
            :
            :
EDWARD FEIERSTEIN    :
            :
   Appellant    :
            :  No. 2139 EDA 2018

Appeal from the PCRA Order Entered July 2, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001241-2012

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:    **FILED DECEMBER 21, 2018**

Edward Feierstein appeals the order, entered in the Court of Common Pleas of Montgomery County, denying his Post-Conviction Relief Act[1] (PCRA) petition.  We affirm.

On December 15, 2011, Feierstein was charged with insurance fraud, perjury, attempted theft, and false swearing.  After a bench trial, the court found Feierstein guilty of insurance fraud and perjury on November 6, 2014, and sentenced him on March 20, 2015.  This Court affirmed the judgment of sentence on March 1, 2016, and on December 22, 2016, our Supreme Court denied his petition for allowance of appeal.  ***See Commonwealth v. Feierstein***, 114 A.3d 184 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 164 A.3d 472 (Pa. 2016).  Feierstein filed his PCRA petition

---

[1] 42 Pa.C.S.A. §§ 9541–9546.

with the court on March 23, 2018, and the court filed its Pa.R.Crim.P. 907 notice of intent to dismiss on June 1, 2018. On July 2, 2018, the court dismissed Feierstein's petition as untimely. Feierstein filed a timely notice of appeal on July 24, 2018. Before we address the merits of Feierstein's appeal, we must determine whether his PCRA petition was timely filed.

"The time requirements established by the PCRA are jurisdictional in nature; consequently, Pennsylvania courts may not entertain untimely PCRA petitions." **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013). After our Supreme Court denies allowance of appeal, an appellant has a 90-day window to either petition the United States Supreme Court for a writ of certiorari, or let judgment become final. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. After a judgment becomes final, a PCRA petition must be filed within one year, unless one of three statutory exceptions[2] applies. 42 Pa.C.S.A. § 9545(b)(1). That one-year period excludes "the first and include[s] the last day of such period," unless the last day falls on a weekend or a holiday. 1 Pa.C.S.A. § 1908.

Feierstein's petition is time barred; consequently, the trial court lacked jurisdiction to hear his petition. **Edmiston**, **supra**. The Pennsylvania Supreme Court denied allowance of appeal on December 22, 2016. Thus, his

---

[2] None of these exceptions are invoked by counsel.

judgment of sentence became final on March 22, 2017.[3]  Feierstein, therefore,

had until March 22, 2018 to file his petition.  ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Feierstein raises two specious arguments to justify the untimeliness of

his March 23, 2018 filing:  1) that the petition may have actually been

delivered on March 22; and 2) that a version of the mailbox rule applies to

attorney filings.  The first argument is irrelevant; the PCRA's timing

requirements state that any petition "shall be *filed* within one year of the date

judgment becomes final," not that it shall be *mailed*.  42 Pa.C.S.A. §

9545(b)(1) (emphasis added); ***see also*** Pa.R.Crim.P. 901 ("A petition for

post-conviction collateral relief shall be *filed* within one year of the date the

judgment becomes final. . . .") (emphasis added).  Feierstein's petition was

filed when it was time-stamped by the clerk of courts on March 23.

Pa.R.Crim.P. 903.  Feierstein's second argument is a misstatement of law.

The cases cited conflate a common law evidentiary rule that creates a

presumption that a letter deposited reached its destination with the "prisoner

mailbox rule" that deems documents submitted by incarcerated, *pro se*

litigants to be filed on the date they are "placed in the hands of prison

authorities for mailing."  ***Compare Commonwealth v. Thomas***, 814 A.2d

---

[3] As this Court excludes the first day of any time period, the calculation skips December 22, 2016, begins on December 23, 2016, and includes nine days in December (23–31), thirty one days in January (1–31), twenty eight days in February (1–28), and twenty two days in March (1–22).  ***See*** 1 Pa.C.S.A. § 1908.  As the last day of the 90-day period does not fall on a holiday or a weekend, it is included.  ***See id.***  Feierstein's judgment of sentence, therefore, became final on March 22, 2017.

754, 759 (Pa. Super. 2002) (stating common law evidentiary presumption) *with Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011) (outlining "prisoner mailbox rule"). The "prisoner mailbox rule" does not apply to Feierstein because he is represented by counsel. ***See id.*** His March 23, 2018 petition, therefore, was properly dismissed without a hearing, as it was untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/21/18</u>