J-S30007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LORENZO HARRIS, | |
| Appellant | No. 782 WDA 2017 |

Appeal from the PCRA Order Entered April 27, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009422-1998

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED MARCH 21, 2019**

Appellant, Lorenzo Harris, appeals *pro se* from the post-conviction court's April 27, 2017 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the court's order and remand for further proceedings.

On February 16, 2000, a jury convicted Appellant of rape, 18 Pa.C.S. § 3121; terroristic threats, 18 Pa.C.S. § 2706; unlawful restraint, 18 Pa.C.S. § 2902; and possessing an instrument of crime, 18 Pa.C.S. § 907.  The trial court also convicted Appellant of persons not to possess a firearm, 18 Pa.C.S. § 6105.  Appellant's convictions stemmed from his sexual assault of a female guest at his residence in Pittsburgh on May 4, 1998.  The victim testified at

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial that Appellant, whom she had met one time before this incident, pointed a gun at her and forced her to engage in sexual intercourse with him. **See** N.T. Trial, 2/14-2/16/00, at 126-33. The Commonwealth also presented the testimony of Walter Lorenz, a criminalist for the Allegheny County Coroner's Office. Lorenz testified that he compared semen samples taken from the victim's clothing to DNA from a blood sample provided by Appellant. **Id.** at 224-25. Lorenz opined "that the DNA profile found in [the semen] stains matches the DNA profile of [Appellant] and that because of that, he cannot be excluded as a potential donor of that DNA." **Id.** at 228. Lorenz further explained:

> [Lorenz:] [I]n this case we found a match of DNA between [Appellant] and the sperm fractions of the stains. This means that either it could be from [Appellant] or it could be from an individual with the same DNA profile. We cannot exclude that particular possibility.
>
> Now, I can give you about how many people might be expected to have that same kind of DNA profile from our analysis of the populations and from what we've seen in Allegheny County.
>
> …
>
> In Caucasians in the white population, you would expect to see that DNA profile in one in about three million individuals; and in the African-American population, you would expect to see this in about 1 in 1,690 individuals. It's [a] relatively common DNA profile.[1]
>
> [The Commonwealth:] However, [Appellant] cannot be excluded in the DNA analysis of his DNA?
>
> [Lorenz:] That is correct.

---

[1] The certified record indicates Appellant is a black male.

*Id.* at 230-31.

Based on this evidence, the jury and the court convicted Appellant of the above-stated crimes. On August 7, 2000, the court sentenced Appellant to 18½ to 37 years' imprisonment. This Court affirmed his judgment of sentence on February 17, 2004. *See Commonwealth v. Harris*, 849 A.2d 605 (Pa. Super. 2004) (unpublished memorandum). Appellant did not appeal to our Supreme Court.

On March 2, 2004, Appellant filed his first PCRA petition, which was ultimately denied. He did not appeal. On January 3, 2005, he filed a second petition, which was denied on August 8, 2005. This Court affirmed on appeal, and our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Harris*, 913 A.2d 941 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 921 A.2d 495 (Pa. 2007). Appellant filed a third PCRA petition on May 3, 2007, which the PCRA court denied on December 19, 2007. Appellant did not appeal.

On September 13, 2016, Appellant filed the *pro se* PCRA petition underlying the present appeal. Therein, he alleged that in August of 2016, he had blood work done, which revealed he has sickle cell disease. Appellant claimed that this new fact of his disease demonstrates that it was not his DNA on the victim's clothing. He further alleged that the Commonwealth's DNA expert, Walter Lorenz, must have known about Appellant's disease and that

the Commonwealth committed a **Brady**[2] violation by withholding this evidence from Appellant.

On March 8, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss that petition, stating (without any elaboration) that it "lacks jurisdiction in regard to the above-captioned case[]." Rule 907 Notice, 3/8/18 (single page). Appellant did not respond. On April 27, 2017, the PCRA court issued an order denying Appellant's petition without any explanation of the basis for that decision. The order informed Appellant that he had 30 days to file a notice of appeal. Because 30 days from April 27, 2017, was Saturday, May 27, 2017, and Memorial Day was Monday, May 29, 2017, Appellant's notice of appeal was due on Tuesday, May 30, 2017. **See** 1 Pa.C.S. § 1908; **see also** Pa.R.A.P. 903(a) (stating that a notice of appeal must be filed within thirty days after the order appealed from is entered). Appellant's notice of appeal was time-stamped and docketed on June 1, 2017.

On June 6, 2017, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal by June 30, 2017. Appellant's Rule 1925(b) statement was time-stamped and docketed on July 10, 2017. On November 21, 2017, the PCRA court issued a Rule 1925(a) opinion concluding that Appellant's notice of appeal was untimely and his appeal should be quashed. The PCRA court offered no discussion as to why it denied Appellant's petition.

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

On August 22, 2018, this Court issued a memorandum decision remanding Appellant's case for the PCRA court to conduct a hearing to determine if Appellant's *pro se* notice of appeal and Rule 1925(b) statement were timely-filed pursuant to the 'prisoner mailbox rule.'[3]  On August 30, 2018, the PCRA court entered an order stating that those documents were timely filed under the prisoner mailbox rule, and that no hearing was necessary.  The order also declared that a Rule 1925(a) opinion would "be forthcoming."  PCRA Court Order, 8/30/18 (single page).

Unfortunately, the PCRA court failed to file any such opinion.  On January 4, 2019, this Court issued a *per curiam* order again directing the PCRA court to file an opinion, and stating that the court must do so within 30 days.  Again, the PCRA court did not adhere to our order and, to date, it has not filed a Rule 1925(a) opinion.  Consequently, we decline to delay the disposition of Appellant's case any longer, and we will proceed to address Appellant's claims without the court's input.[4]

---

[3] *See Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

[4] We also observe that in its brief, the Commonwealth only argues that Appellant's appeal should be quashed as untimely.  The Commonwealth provides no discussion of the merits of Appellant's challenge to the PCRA court's dismissal of his petition.

In Appellant's *pro se* brief to this Court, he sets forth five issues for our review in the Statement of the Questions Involved section of his brief. ***See*** Appellant's Brief at 4 (unnumbered).[5] However, Appellant's Argument section does not include issues that align with those set forth in his Statement of the Questions Involved. Instead, Appellant's Argument section contains the following, single issue, and multiple subparts thereto:

I.    Appellant … is entitled to post-conviction relief based upon the new fact of his secretor status, DNA Sickle Cell Trait, Discease [*sic*][.]

   A. Appellant['s] … claims are timely[.]

   B. These facts were unknown to Appellant[.]

   C. The Commonwealth failed to disclose favorable evidence in violation of ***Brady*** and ***Giglio***[.[6]]

   D. The [Commonwealth] suppressed exculpatory evidence[.]

   E. The Commonwealth failed to correct misleading trial testimony in violation of ***Giglio***[.]

   F. Appellant exercised due diligence[.]

   G. The PCRA court failed to ensure compliance with its order commanding a thorough search for DNA evidence[.]

Appellant's Brief at 15-25 (unnecessary capitalization omitted)

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

---

[5] Appellant drafted his brief such that each page sets forth two, smaller pages. When referring to page numbers, we count each smaller page individually.

[6] ***Giglio v. U.S.***, 405 U.S. 150 (1972).

by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 18, 2004 at the expiration of the thirty-day time period for seeking review of his judgment of sentence with the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Consequently, his present petition is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets both the after-discovered fact and the governmental interference exceptions based on his discovery, in August of 2016, that he has sickle cell disease. Appellant claims that the fact that he has this disease proves that he could not have been the contributor of semen samples found on the victim's clothing. Appellant also argues that Lorenz must have known about Appellant's sickle cell disease based on the DNA tests he conducted in this case, and that Lorenz and the Commonwealth

committed a *Brady* violation by withholding this exculpatory information from the defense.

Appellant further asserts that after Lorenz testified at trial, he "requested an investigation into his DNA report[,]" but his trial counsel failed to "request [that] any test[ing be] done" or "seek to have an expert [testify in] favor of [Appellant's] defense…." Appellant's Brief at 13. Appellant argues that his efforts to obtain further testing of his blood demonstrate his due diligence in discovering his sickle cell disease. He further explains that it was not until August of 2016, when he began having weakness in his legs, as well as dizziness and headaches, that his doctor ordered blood tests that revealed his disease. Appellant insists that he could not have discovered this fact earlier, as he had no symptoms that indicated his blood should be tested. Therefore, Appellant concludes that he has met the newly-discovered fact exception to the PCRA's time-bar, and that a hearing to review the merits of his claim is warranted. Additionally, Appellant alleges that Lorenz (and, thus, the Commonwealth) must have known - based on Lorenz's DNA testing - that Appellant has sickle cell disease, yet they failed to disclose that fact to Appellant prior to trial. Consequently, Appellant concludes that the Commonwealth committed a *Brady* violation and, thus, he has also satisfied the governmental interference exception.

We agree with Appellant that he has satisfied the newly-discovered fact exception. Appellant asserted in his petition that he had blood tests done on August 8, 2016, which first revealed that he suffers from sickle cell disease.

On September 13, 2016, he filed the present, *pro se* petition premised on his discovery of this new fact. Therein, Appellant averred that he acted with due diligence in raising this claim as soon as he received this diagnosis, which arose from blood tests conducted after he exhibited physical symptoms of muscle weakness, dizziness, and headaches. On appeal, Appellant adds that he asked his trial counsel to seek further testing of his blood sample, but counsel did not comply with that request. In light of this record, we conclude that Appellant has demonstrated that he exercised due diligence in discovering a new fact that was previously unknown to him.

Therefore, we vacate the PCRA court's order denying Appellant's petition as untimely. We remand for the court to appoint Appellant counsel, and to conduct a hearing on the merits of his after-discovered evidence claim, as well as his related allegation that the Commonwealth committed a ***Brady*** violation.[7] At that proceeding, Appellant must present evidence regarding why the presence of his sickle cell disease affected (or may have affected) the DNA results that were admitted at his trial.

---

[7] On December 24, 2018, Appellant filed a document entitled, "Ruquest [*sic*] to Submit Ciations [*sic*] Opinions Above." It is unclear what relief Appellant seeks in that petition. Thus, we deny it.

Additionally, on February 28, 2019, Appellant filed an "Application for Remand and for the Appointment of a Substitute Judge," and on March 11, 2019, he filed an "Application for Relief." In both petitions, Appellant essentially complains about the PCRA court's failure to comply with this Court's orders directing it to file a Rule 1925(a) opinion, and he asks that we vacate the court's order, remand, and appoint a new judge to this case. In light of our disposition, we deny these petitions as moot, without prejudice to Appellant's right to seek the recusal of the current judge on remand.

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/21/2019</u>