J-S65028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ACHILLE LEPEDIO WALKER | : | |
| | : | |
| Appellant | : | No. 885 MDA 2019 |

Appeal from the PCRA Order Entered, April 24, 2019,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0004419-2015.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 22, 2020**

Achille Lepedio Walker appeals *pro se* from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. Walker argues that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing plea. We reverse.

The facts and pertinent procedural history are as follows. On February 13, 2018, Walker entered a negotiated plea agreement to one count of conspiracy to commit possession with intent to deliver and one count of criminal use of a communication facility. Under the plea agreement, Walker agreed to serve an aggregate sentence of 11½ to 23 months of incarceration, followed by a five-year probationary term. Walker completed a written plea colloquy, and the trial court conducted a brief oral colloquy before accepting

_____

[*] Retired Senior Judge assigned to the Superior Court.

the plea. The trial court then sentenced Walker in accordance with the plea agreement. The court credited Walker for 410 days of time served, and granted the Commonwealth's motion to withdraw all remaining charges. Walker did not file an appeal.

On January 3, 2019, Walker filed a timely *pro se* PCRA petition. In this petition, Walker asserted that plea counsel erroneously informed him that, because his previous parole period had expired, he would not face the risk of back time being imposed if he pled guilty to the new charges. Thereafter, Walker was arrested for a parole violation and sentenced to serve thirty-six months of back time. According to Walker, had plea counsel not misinformed him about his parole status, he would not have entered his guilty plea.

The PCRA court appointed counsel, and, on March 29, 2019, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley** 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 2, 2019, the PCRA court granted PCRA counsel's petition to withdraw and issued Pa.R.Crim.P. 907 notice of its intention to dismiss Walker's PCRA petition without a hearing. Walker filed a response. By order entered April 24, 2019, the PCRA court denied Walker's petition. This appeal followed.[1] Both Walker and the PCRA court have complied with Pa.R.A.P. 1925.

_____

[1] Although the Commonwealth asserts that Walker's appeal was untimely, we note that the time-stamp on the envelope in which he mailed his notice of

- 2 -

On appeal, Walker essentially argues that the PCRA court erred in accepting PCRA counsel's ***Turner***/***Finley*** letter because plea counsel misinformed him about the consequences of his guilty plea. ***See*** Walker's Brief at 4.[2]

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

> When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by

---

appeal from the prison is May 24, 2019. Thus, Walker's appeal is timely. ***See Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (explaining "[u]nder the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.")

[2] Walker also raised an issue regarding the ineffectiveness assistance of PCRA counsel. Because he inappropriately raises this claim first time on appeal, we do not consider it. ***See generally***, Pa.R.A.P. 302(a); ***Commonwealth v. Henkel***, 90 A.3d 16 (Pa. Super. 2014).

- 3 -

further proceedings.  *Id.*  To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

Walker's claim alleges that plea counsel was ineffective for giving him incorrect information regarding the consequences of entering his guilty plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.*  This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

With regard to claims of ineffectiveness in relation to the entry of plea, we further note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends

on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

In support of his ineffective assistance claim, Walker argues that prior to the entry of his guilty plea "he specifically asked [plea] counsel whether he would face parole consequences as a convicted parole violator. Counsel affirmatively informed [Walker] he would not, as the time remaining on the original sentence had expired." Walker's Brief at 6. As noted above, Walker was later arrested for a parole violation and sentenced to thirty-six months of back time. *Id.* at 9. According to Walker, he would not have entered his guilty plea if he had known it would trigger a parole violation.

Walker bases his claim of error on this Court's decision in *Commonwealth v. Barndt*, 74 A.3d 185 (Pa. Super. 2013). In that case, Barndt, following his arrest, was subject to a possible revocation of his nearly thirty months of "street time" spent on parole in a separate case. According to Barndt, his plea counsel told him that the Pennsylvania Board of Probation and Parole ("the parole board") would revoke only eleven months. This was

patently incorrect, because, following his sentencing on the new charges, the parole board revoked all thirty months of Barndt's street time. The PCRA court dismissed Barndt's PCRA petition seeking relief.

On appeal, we held that counsel was ineffective for misinforming Barndt that he would lose only eleven months of street time, and counsel's action of affirmatively misleading Barndt caused him to enter an unknowing guilty plea. In reaching this conclusion, we first noted that, under Pennsylvania precedent, "counsel's failure to advise his client regarding the collateral consequence of parole revocation in an unrelated matter would not, without more, constitute a basis for allowing the defendant to withdraw his guilty plea." *Barndt*, 74 A.3d at 196 (citation and emphasis omitted). However, we noted a distinction in the claim raised by Barndt in his appeal:

> [Barndt's] ineffectiveness claim in this matter is not couched in terms of counsel's omission. Rather, [Barndt] argues that plea counsel affirmatively misled [him] to believe that he would receive a parole setback of no more than eleven months. As clear as our case law is that counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel, it is equally that counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about the consequences, without regard to whether the consequences in question are "direct" or "collateral."

*Id.* (footnote omitted).

This Court in *Barndt* then discussed several cases wherein plea counsel gave incorrect advice and concluded:

In light of this case law, we find that [Barndt] has pleaded and proved that his challenge to plea counsel's ineffectiveness has arguable merit. As set forth above, we repeatedly have held that erroneous legal advice by counsel regarding the consequences of a plea, whether the consequence is classified as collateral or direct, may constitute a basis for PCRA relief. [Barndt] alleges that he was given such advice.

\*\*\*

[O]ur holding hinges upon the precept that the direct versus collateral consequence distinction does not alleviate counsel's obligation to render only **accurate** advice to his client about whatever collateral consequences of a guilty plea he chooses to address. In short, when it comes to collateral consequences of a guilty plea, counsel's sins of omission must be treated differently than his sins of commission.

**Barndt**, 74 A.3d at 198, 201 (emphasis in the original). We then reviewed the testimony from the evidentiary hearing and determined that Barndt had establish that plea counsel had no reasonable basis for providing the misinformation, and that counsel's advice prejudiced him. We therefore reversed the order denying post-conviction relief, and we remanded the case to permit Barndt to withdraw his guilty plea.[3]

Here, like Barndt, Walker has pled and proven that his challenge to plea counsel's ineffectiveness has arguable merit. Our review of the record reveals that, although there was no mention of possible parole consequences at Walker's oral plea colloquy, in his written colloquy Walker averred that he was

---

[3] In his dissent, Judge Colville noted that plea counsel did not testify at the evidentiary hearing, and that Barndt was bound by the statements made during the plea colloquy. **Barndt**, 74 A.3d at 201-02.

not on parole.  **See** Written Plea Colloquy, 2/23/18, at ¶ 4.   Additionally, plea counsel signed this written colloquy, noting that he had explained Walker's rights to him. **Id.** at 4.  However, unlike **Barndt**, the PCRA court in this case dismissed Walker's PCRA petition without first holding an evidentiary hearing. We conclude that Walker has "raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief[.]" **Blakeney**, **supra**. Thus, we reverse the order denying Walker's PCRA petition and remand for an evidentiary hearing at which plea counsel can testify and, in light of the testimony, the PCRA court could consider the remaining two prongs of the ineffectiveness test, and rule accordingly.[4]

_____

[4] The PCRA court cites no authority for its belief that plea counsel's "erroneous advice would have been cured when [Walker] affirmatively acknowledged and understood the potential collateral consequences of the guilty plea[.]"  Rule 907 Notice, 4/2/19, at 2.  As noted above, Walker contends that plea counsel misinformed him he was no longer on parole.  Additionally, while the PCRA court speculates that this erroneous information may not have been of significance to Walker given the lenient sentence offered by the Commonwealth, this fact may be explored at the evidentiary hearing following our remand.

Order reversed. Case remanded for an evidentiary hearing. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2020