J-S31022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN J. ROYSTER | : | |
| | : | |
| Appellant | : | No. 132 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 15, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006352-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN J. ROYSTER | : | |
| | : | |
| Appellant | : | No. 133 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 15, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006431-2017

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JULY 27, 2020**

In this consolidated appeal, Appellant, Juan Royster, appeals from the

Judgment of Sentence entered on August 15, 2019, following his plea of *nolo*

*contendere* to two counts of Possession of a Firearm Prohibited and one count

of Possession with Intent to Deliver.[1] Appellant seeks to withdraw his plea. After careful review, we quash this appeal as untimely.

We derive the following factual and procedural history from the trial court Opinion and certified record. Appellant entered a plea of no contest to the above charges on August 15, 2019.[2]  On the same day, the court sentenced Appellant to an aggregate term of 10-23 months' incarceration for the firearm convictions, and a concurrent sentence of 12 months' probation for the drug conviction. Appellant did not file post-sentence motions or a direct appeal, thus, his Judgment of Sentence became final on September 14, 2019.[3]

On October 31, 2019, following post-conviction relief proceedings, the trial court reinstated Appellant's appellate rights *nunc pro tunc*, and notified him that he had 30 days from the date of the Order to file a Notice of Appeal. Appellant did not seek leave to file post-sentence motions *nunc pro tunc*. The court served this Order on counsel for Appellant on November 8, 2019.

_____

[1] 18 Pa.C.S. § 6105(a) and 35 P.S. § 780-113(a)(30), respectively.

[2] Police arrested Appellant on November 9, 2017, on suspicion of DUI after finding Appellant asleep at the wheel of a vehicle in an intersection. Criminal Complaint, 11/9/17, at 3. Police conducted an inventory search of the vehicle, and found two firearms. *Id.* Appellant is within the class of persons not to possess a firearm pursuant to 18 Pa.C.S. § 6105(b). Information, filed 2/13/18.

Police arrested Appellant again on October 18, 2018, after Appellant sold crack cocaine to an undercover police officer. Criminal Complaint, 10/18/18.

[3] Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

Rather than filing a direct appeal, Appellant filed a Post-Sentence Motion to Withdraw his Plea on November 18, 2019. The trial court entertained Appellant's Motion in error and ultimately denied it on December 19, 2019. Appellant filed a Notice of Appeal on January 16, 2020. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue on appeal: "whether the trial court erred in denying [Appellant's] Post-Sentence Motion requesting to withdraw *nolo contendere* pleas when [Appellant] is innocent of said charges and did not make a knowing, intelligent and voluntary waiver of his trial rights?" Appellant's Br. at 8 (unpaginated).

Before addressing this issue, however, we must determine whether this appeal is timely. "[T]he timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011). Absent extraordinary circumstances, we lack jurisdiction to entertain an untimely appeal. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).

A notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is denied. Pa.R.Crim.P. 720(A)(2)(a). In most circumstances, a defendant must file a post-sentence motion within 10 days of imposition of sentence. Pa.R.Crim.P. 720(A)(1). Importantly, an untimely post-sentence

motion does not toll the appeal period. ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1243 (Pa. Super. 2015).

Our Supreme Court has held that an order reinstating an appellant's right to file a direct appeal *nunc pro tunc* does not automatically confer the additional right to file a post-sentence motion *nunc pro tunc*. ***Commonwealth v. Liston***, 977 A.2d 1089, 1094 (Pa. 2009). An appellant must request leave to file a post-sentence motion *nunc pro tunc* in addition to the request for restoration of appellate rights. ***Id.*** at 1094 n.9. A trial court's resolution of an appellant's impermissible post-sentence motion is no substitute for an order expressly restoring the right to file a post-sentence motion *nunc pro tunc*, and in these circumstances we treat such a motion as untimely. ***Commonwealth v. Wright***, 846 A.2d 730, 733-34 (Pa. Super. 2004).

As noted above, Appellant did not seek leave to file a post-sentence motion *nunc pro tunc*. Accordingly, his Post-Sentence Motion to Withdraw his Plea was untimely and did not serve to toll the appeal period.

The date of entry of an order is the date the clerk of the court "delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1). Here, the trial court served Appellant's counsel with the Order reinstating his appellate rights on November 8, 2019. Thus, he had 30 days from that date—December 9, 2019— to file a timely direct appeal *nunc pro tunc*.[4] Appellant filed his Notice of Appeal

---

[4] The 30th day of the appeal period fell on Sunday, December 8, 2019, thus, Appellant had until Monday, December 9, 2019 to file his Notice of Appeal. 1 Pa.C.S. § 1908 (whenever the last day of the appeal period falls on a weekend, such day shall be omitted from the computation of time).

- 4 -

on January 16, 2020, 69 days after the court restored his appellate rights and 38 days after the appeal period expired. Accordingly, we are constrained to quash Appellant's appeal as untimely.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2020