J-A11013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVALIN CHARLES BENNETT | : | |
| | : | |
| Appellant | : | No. 1295 WDA 2020 |

Appeal from the PCRA Order Entered October 20, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001402-1998,
CP-02-CR-0001759-1998, CP-02-CR-0001761-1998

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 27, 2021**

Davalin Charles Bennett has appealed *pro se* from the order denying his fifth Post-Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We quash this appeal.

After a jury convicted Bennett of first-degree murder and firearm violations,[1] the trial court sentenced him, in 1999, to an aggregate term of life imprisonment plus a consecutive seven to 14 years' incarceration. Thereafter, Bennett's direct appeal counsel filed a timely direct appeal but failed to file a Pa.R.A.P. 1925(b) statement. Accordingly, on December 20, 2000, this Court affirmed Bennett's judgments of sentence, finding his issues waived. Bennett did not file a petition for allowance of appeal to our Supreme Court. However, direct appeal counsel did send Bennett a letter in April 2001, advising him to

---

[1] 18 Pa.C.S.A. § 2502(a) and 18 Pa.C.S.A. § 6106, respectively.

file a PCRA petition to request the reinstatement of his direct appeal rights. Nonetheless, Bennett waited over 10 years before filing his first untimely PCRA petition in July 2011. Appointed counsel filed a **Turner/Finley**[2] letter, and the PCRA court dismissed Bennett's petition and granted counsel's petition to withdraw. This Court affirmed the PCRA court's decision and our Supreme Court denied allowance of appeal. Bennett proceeded to file several unsuccessful PCRA petitions before filing the instant *pro se* PCRA petition on March 12, 2020.

The PCRA court appointed counsel to represent Bennett. However, counsel subsequently filed a **Turner**/**Finley** letter asserting that Bennett's claims lacked merit and his petition was untimely. Ultimately, the PCRA court permitted counsel to withdraw and provided Bennett with Pa.R.Crim.P. 907 notice of the court's intent to dismiss his petition without a hearing. After Bennett filed a *pro se* response, the court entered an order dismissing his petition on October 20, 2020. The trial court states that the U.S. mail tracking number shows that the order was delivered to the correctional institution housing Bennett on October 23, 2020. Bennett submitted a notice of appeal, which the trial court docketed on December 4, 2020.[3] Bennett's proof of

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The PCRA court's October 20, 2020 order lists several docket numbers. However, contrary to our Supreme Court's requirement, as set forth in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), Bennett filed only a

service, attached to his notice of appeal, is dated November 28, 2020. The court and Bennett each complied with Pa.R.A.P. 1925.

This Court issued a Rule to Show Cause, on December 29, 2020, directing Bennett to, *inter alia*, show cause why his appeal should not be quashed as untimely pursuant to Pa.R.A.P. 903(a) (requiring a notice of appeal to be filed within 30 days of the order in question). Bennett filed a response in which he did not deny that his notice of appeal was filed late but instead argued that the untimeliness of the filing should be excused due to a statewide quarantine and lockdown ordered by the Department of Corrections due to the Covid-19 pandemic. Bennett claimed that the lockdown prevented him from having access to the prison's law library.

Bennett raises two issues on appeal:

1. Was [Bennett] by law entitled to counsel to continue PCRA proceedings and on appeal?

2. Did [Bennett] properly file a timely post-conviction relief act petition pursuant to PCRA rules?

Bennett's Br. at 2.

We must first determine whether we have jurisdiction. "It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011).

---

single notice of appeal. However, we do not reach the issue of whether Bennett's failure to file additional notices of appeal require quashal in this case, due to our decision to quash on other grounds.

Pennsylvania Rule of Appellate Procedure 903 states that "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "Generally, an appellate court cannot extend the time for filing an appeal." **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007); Pa.R.A.P. 105(b) ("the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review"). "Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." **Patterson**, 940 A.2d at 498.

Here, Bennett does not argue that he filed his notice of appeal within 30 days of the October 20, 2020 order dismissing his PCRA petition. Although Bennett's notice of appeal was docketed on December 4, 2020, pursuant to the prison mailbox rule Bennett's notice of appeal could be considered filed as of November 28, 2020, because that is the date Bennett affixed to his proof of service. **See Crawford**, 17 A.3d at 1281 ("Under the prisoner mailbox rule, we deem a document filed on the date it is placed in the hands of prison authorities for mailing"). However, even if Bennett's notice of appeal is deemed filed as of November 28, 2020, it would still not be within 30 days of the trial court's October 20, 2020 order dismissing his petition and would thus remain untimely. Hence, as noted, Bennett does not argue that his notice of appeal was timely filed.

Instead, he claims that this Court should excuse his lateness due to the pandemic-related lockdown and his alleged lack of access to the prison's law library. However, Bennett does not explain how his alleged lack of access to the library inhibited his ability to file a timely notice of appeal or constituted a "breakdown in the processes of the court." **See id**. Indeed, Bennett has successfully filed timely, *pro se* notices of appeal at least four times in the past. **See** Notices of Appeal docketed at 1070 WDA 2012, 194 WDA 2015, 842 WDA 2016, 499 WDA 2018. That makes it difficult to see how his alleged inability to go to the prison law library hindered his ability to file a notice of appeal on time, particularly in the absence of any explanation by Bennett. Accordingly, we are without jurisdiction and must quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2021