J-A07015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL COWEN | : | |
| | : | |
| Appellant | : | No. 1252 EDA 2021 |

Appeal from the PCRA Order Entered April 14, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004513-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                          **FILED JUNE 02, 2022**

Appellant, Michael Cowen, appeals *pro se* from the Order entered on April 14, 2021, by the Delaware County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").  After careful review, we quash this appeal as untimely filed.

On March 2, 2020, Appellant entered a negotiated guilty plea to one count of robbery and the court immediately sentenced Appellant to the negotiated term of 84 to 216 months' incarceration.  Appellant did not file post-sentence motions or a direct appeal.

On May 7, 2020, Appellant timely filed *pro se* his PCRA petition. The court appointed counsel, who filed a ***Turner***/***Finley***[1] no-merit letter on

---

[1]  ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

October 26, 2020. Although he was served with counsel's letter, Appellant did not file a response.

On March 19, 2021, the PCRA court served **both** Appellant and his PCRA counsel with a Notice of Intent to Dismiss PCRA Petition Without a Hearing in 20 days. Appellant did not respond to the court's notice.

The court dismissed Appellant's Petition on April 14, 2021, and granted counsel's request to withdraw, effective after the expiration of the thirty-day appeal period.

On April 19, 2021, Appellant filed *pro se* a "Motion for Extension of Time to File/Submit Objections to the Court's Rule 907 Notice." On May 12, 2021, the trial court entered an Order dismissing the motion as moot.

On June 22, 2021, Appellant filed *pro se* a Notice of Appeal. This Court issued a Rule to Show Cause ("RTSC") as to why the appeal should not be quashed as untimely. Appellant responded, stating that he mailed his notice of appeal from prison on May 12, 2021. We discharged the RTSC to allow this merits panel to consider whether this appeal should be quashed as untimely filed.

Prior to any consideration of the merits of Appellant's claims, we must first determine whether this court has jurisdiction. It is well-settled that "the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte.*" **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." **Id.** (citation omitted).

- 2 -

Our rules of appellate procedure require that a notice of appeal must be filed with the trial court within 30 days of the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). The date of receipt of the notice of appeal stamped by the trial court, "shall constitute the date when the appeal was taken." Pa.R.A.P. 905(a)(3). "Absent a breakdown in the operations of the court, [t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Valentine***, 928 A.2d 346, 349 (Pa. Super. 2007) (citation and internal quotation marks omitted). Here, the PCRA court dismissed Appellant's petition on April 14, 2021. Appellant, thus, had until May 14, 2021, to file his Notice of Appeal. His appeal is, however, docketed as received on June 22, 2021.

In his response to our RTSC, Appellant referenced the prisoner mailbox rule and summarily stated that he "completed and submitted on May 12, 2021" his notice of appeal. Response RTSC, filed 8/25/21, at 3.

Under the "prisoner mailbox rule," this Court will deem an appeal by a *pro se* prisoner filed on the date the prisoner deposits the appeal with prison authorities or places it in the prison mailbox. ***Commonwealth v. Jones***, 700 A.2d 423, 425-26 (Pa. 1997). In determining the filing date of such appeals, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities[,]" including a certificate of mailing, cash slip from prison authorities, or evidence of internal

operating procedures of the prison or court regarding mail delivery. *Id.* at 426.

In its Rule 1925(a) Opinion, the PCRA court opined that Appellant's appeal was untimely filed. It noted that Appellant wrote May 12, 2021, on his Notice of Appeal but the inmate envelope showed a postmark of May 19, 2021, five days after the filing deadline. PCRA Ct. Op., dated 8/17/21, at 2-3. Appellant has not challenged those findings.

In responding to our RTSC, Appellant failed to annex any verifiable evidence showing that he placed his Notice of Appeal with prison authorities for mailing prior to or on May 14, 2021, the final date for filing his appeal. Without any such evidence, we are constrained to conclude that the prisoner mailbox rule affords no relief, this appeal is untimely, and we are without jurisdiction to address its merits. For this reason, we must quash the appeal.

Appeal quashed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 6/2/2022*