J-S32009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW L. LITTLE | : | |
| | : | |
| Appellant | : | No. 323 MDA 2023 |

Appeal from the Order Entered January 17, 2023
In the Court of Common Pleas of Fulton County Criminal Division at
No(s):  CP-29-CR-0000055-2015

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 24, 2023**

Appellant, Andrew L. Little, appeals *pro se* from the January 17, 2023 Order entered in the Fulton County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  After careful review, we quash this appeal.

The relevant facts and procedural history are as follows.  On November 17, 2015, the trial court sentenced Appellant to an aggregate term of 10 to 20 years of incarceration following his jury conviction of Aggravated Assault and Simple Assault.  This Court affirmed Appellant's Judgment of Sentence, and, on May 10, 2017, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Little***, 159 A.3d 997 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 15 MAL 2017

(Pa. filed May 10, 2017). Appellant did not seek further review of his judgment of sentence, which, thus, became final on August 8, 2017.[1]

Appellant filed a first PCRA petition on March 5, 2018, raising two claims of trial counsel ineffectiveness, which the PCRA court dismissed as meritless on November 26, 2019. On November 6, 2020, this Court affirmed the dismissal of Appellant's first petition. *Commonwealth v. Little*, 242 A.3d 394 (Pa. Super. 2020) (unpublished memorandum).

On January 13, 2021, Appellant *pro se* filed the instant petition, his second, again asserting that his trial counsel had been ineffective.[2]

_____

[1] A judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3). *See also* Pa.R.A.P. 903(a) (providing 30 days to file a direct appeal).

[2] Appellant claimed that his trial counsel was ineffective by failing to: (1) move for dismissal of the charges against Appellant based on the conduct of a Pennsylvania State Police trooper; (2) move for dismissal of the charges based on the prejudicial pre-complaint delay; (3) preserve or secure allegedly exculpatory video surveillance footage; (3) move for reduction of Appellant's bail; (4) object to admission of certain photographic evidence by the Commonwealth; (6) object to the trooper's testimony concerning Appellant's pre-arrest silence and hearsay testimony offered by the trooper; (7) object to the trial court's alleged double-counting of factors to increase Appellant's sentence outside of the standard sentencing range; (8) object to the trial court's imposition of an enhanced sentence; (9) raise a meritorious claim on direct appeal concerning the sufficiency of the evidence supporting Appellant's Aggravated Assault Conviction; and (10) raise a claim of prosecutorial misconduct "for letting the Commonwealth try [Appellant] at trial on only two of the four charges that [Appellant] was charged with" and not on the charged summary offenses of Harassment and Disorderly Conduct. PCRA Petition, 1/13/21, at 5-8.

Following its review of Appellant's Petition and the Commonwealth's response thereto, the PCRA court concluded that the Petition was untimely and, moreover, that the issues Appellant raised lacked merit. Thus, on February 9, 2021, the PCRA court issued a notice of its intent to dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907.[3]

Appellant sought, and the court granted, numerous extensions of time to respond to the Rule 907 Notice. Ultimately, Appellant did not file a response to the Rule 907 Notice and, on January 17, 2023, the PCRA court dismissed Appellant's Petition as untimely.

On February 24, 2023, the lower court clerk docketed Appellant's *pro se* notice of appeal, which it received in an envelope bearing a postmark dated February 21, 2023. This court issued a Rule to Show Cause as to why this appeal should not be quashed as untimely. Appellant filed a response to the Rule but did not provide any explanation for the untimeliness of his notice of appeal or any reason why we should not quash this appeal as untimely as ordered. We discharged the Rule to allow this merits panel to consider whether this appeal should be quashed as untimely filed.

Prior to any consideration of the merits of Appellant's claims, we must first determine whether this Court has jurisdiction. It is well-settled that "the timeliness of an appeal implicates our jurisdiction and may be considered *sua*

_____

[3] The court also issued an Opinion that same day explaining in full its reasons for concluding that Appellant had not satisfied any exceptions to the PCRA's time-bar.

- 3 -

*sponte*." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Id.*** (citation omitted).

Our rules of appellate procedure require that a notice of appeal must be filed with the trial court within 30 days of the entry of the order from which the appeal is taken. Pa.R.A.P. 902(a), 903(a). The date of receipt of the notice of appeal stamped by the trial court, "shall constitute the date when the appeal was taken." Pa.R.A.P. 905(a)(3). "Absent a breakdown in the operations of the court, time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Valentine***, 928 A.2d 346, 349 (Pa. Super. 2007) (citation and internal quotation marks omitted).

Here, the PCRA court dismissed Appellant's petition on January 17, 2023. Appellant, thus, had until February 16, 2023, to file his Notice of Appeal. His appeal is, however, docketed as received on February 24, 2023.

Under the "prisoner mailbox rule," this Court will deem an appeal by a *pro se* prisoner filed on the date the prisoner deposits the appeal with prison authorities or places it in the prison mailbox. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). In determining the filing date of such appeals, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities[,]" including a certificate of mailing, cash slip from prison authorities, or evidence of internal operating procedures of the prison or court regarding mail delivery. ***Id.***

- 4 -

In its Rule 1925(a) Opinion, the PCRA court opined that Appellant's appeal was untimely filed. It noted that this appeal "does not meet any of the provisions that provide for an alternative time for filing the notice [of appeal]." PCRA Ct. Op., 3/28/23, at 4. In responding to our Rule to Show Cause, Appellant did not provide any explanation for the facial untimeliness of the Notice of Appeal and failed to attach any verifiable evidence showing that he placed his Notice of Appeal with prison authorities for mailing prior to or on February 16, 2023, the final date for filing his appeal. Without any such evidence, we are constrained to conclude that this appeal is untimely, and we are without jurisdiction to address its merits. For this reason, we must quash the appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/24/2023