J-A11045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :   PENNSYLVANIA
                                      :

            v.                         :
                                      :

DAVID CHARLES BEAN                :
                                      :

           Appellant          :   No. 603 MDA 2023

Appeal from the PCRA Order Entered March 13, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001226-2014

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:            **FILED: MAY 29, 2024**

David Charles Bean (Appellant) appeals, *pro se*, from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 13, 2016, a jury convicted Appellant of rape of an unconscious person,[1] and numerous related offenses.  On March 20, 2017, the trial court sentenced Appellant to an aggregate 18 to 36 years in prison. This Court affirmed his judgment of sentence; on January 31, 2019, the Pennsylvania Supreme Court denied allowance of appeal.  **Commonwealth v. Bean**, 194 A.3d 721, 1320 MDA 2017 (Pa. Super. 2018) (unpublished memorandum), **appeal denied**, 201 A.3d 159 (Pa. 2019).

---

[1] **See** 18 Pa.C.S.A. § 3121(a)(3).

On June 25, 2019, Appellant filed, *pro se*, his first timely PCRA petition. Following appointment of counsel, Appellant filed an amended petition. The PCRA court dismissed his petition without a hearing on June 2, 2020. This Court affirmed the denial of PCRA relief; on December 7, 2021, the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Bean*, 258 A.3d 544, 866 MDA 2020, *appeal denied*, 268 A.3d 1078 (Pa. 2021).

On April 28, 2022, Appellant filed, *pro se*, the underlying PCRA petition. On November 29, 2022, the PCRA court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant requested, and the PCRA court granted, an extension of time to respond to the court's notice. Appellant filed his response on March 7, 2023. On March 13, 2023, the PCRA court dismissed Appellant's petition as untimely. Appellant filed a notice of appeal on April 21, 2023, more than 30 days later. *See* Pa.R.A.P. 903(a) (a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").

On April 26, 2023, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal. Order, 4/26/23, at 1. Appellant did not file a Rule 1925(b) statement.[2] On July 21, 2023, the

---

[2] Generally, "only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review." *Commonwealth v. Baker*, 311 A.3d 12, 17 (Pa. Super. 2024). However, the official docket entry reflects the April
*(Footnote Continued Next Page)*

PCRA court filed a Rule 1925(a) opinion, wherein the court relied on its March 13, 2023, order and opinion dismissing Appellant's PCRA petition.

On May 16, 2023, this Court issued a rule upon Appellant to show cause why we should not quash the appeal as untimely. On May 25, 2023, Appellant filed a response alleging the Lycoming County Clerk of Courts erroneously mailed the order dismissing his PCRA petition to the state correctional institution's (SCI) clearinghouse in Florida. **See** Response, 5/25/23, at 1-2 (averring the court's order was treated as "regular" mail instead of "legal" mail, and, as a result, prison staff had to forward the order to SCI-Benner, where Appellant is incarcerated).

Appellant invoked the prisoner mailbox rule. **See id.** at 3; **see also Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing."). Appellant alleged he did not use a prison "cash slip" because he had a "free" mailing envelope, and "SCI-Benner has no system in place to have a piece of <u>legal mail</u> 'stamped[,]' 'signed' or verified otherwise." Response, 5/25/23, at 2 (emphasis in original).

---

26, 2023, order directing Appellant to file a Rule 1925(b) statement was returned as unserved on May 19, 2023. **See** Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.").

- 3 -

"The appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." ***Commonwealth v. Jones*** 700 A.2d 423, 426 (Pa. 1997). Acceptable forms of proof include a prison "cash slip" indicating a deduction from the inmate's account for postage, an affidavit declaring the date of deposit of the notice of appeal with prison authorities, and evidence of internal operating procedures regarding mail delivery. ***Id.*** "Where [] the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." ***Id.*** at 426 n.3. "Where, however, the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." ***Commonwealth v. Cooper***, 710 A.2d 76, 79 (Pa. Super. 1998) (citation omitted).

Here, Appellant dated his notice of appeal April 10, 2023, within the 30-day timeframe. The mailing envelope for the notice is time-stamped beyond the 30-day window, on April 18, 2023. The PCRA court directed that its order dismissing Appellant's petition be served on Appellant **with a return receipt** (consistent with Pa.R.Crim.P. 907(4)). ***See*** Order, 3/13/23, at 4. However, the certified record includes no return receipt. Although the docket indicates the order was sent to Appellant by certified mail, it does not reflect whether Appellant was, in fact, served. Neither the PCRA court nor the Commonwealth

address the timeliness of Appellant's appeal.[3]  Under these circumstances, we conclude there was a breakdown in the processes of the court, and decline to quash the instant appeal.  **See Commonwealth v. Rodriguez**, 174 A.3d 1130, 1139 (Pa. Super. 2017) (a breakdown in the processes of the court will excuse a facially untimely appeal).

In his sparse, *pro se* brief, Appellant claims he timely filed his PCRA petition.  Appellant's Brief at 3-4 (unpaginated).

"Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error."  **Commonwealth v. Maxwell**, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citation and quotation marks omitted).

"The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed."  **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (citation omitted).  "[A]ny PCRA petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final."  **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007); **see also** 42 Pa.C.S.A. § 9545(b)(1).

There are three exceptions to the PCRA's timeliness requirement:

---

[3] The Commonwealth did not file a brief.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). "[I]t is the petitioner's burden to plead and prove that one of the exceptions applies[.]" **Jones**, 54 A.3d at 17 (quoting **Commonwealth v. Bronshtein**, 752 A.2d 868, 871 (Pa. 2002)).

Appellant's judgment of sentence became final on May 1, 2019, when the 90-day period to file a petition for writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13 (a petition for a writ of *certiorari* is timely when filed within 90 days of denial of discretionary review). As a result, Appellant was required to file any PCRA petition before May 1, 2020. **See Bennett**, 930 A.2d at 1267. Appellant filed his petition on April 28, 2022, nearly two years after his judgment of sentence became final. Accordingly, we must determine whether Appellant has pled and proven one of the PCRA's timeliness exceptions.

In his petition, Appellant alleged 1) "prosecutorial misconduct [and] the coaching of witness[es;]" 2) the "DA/state police withheld [the victim's] phone records[;]" 3) the victim was "high" during her testimony; 4) certain charges

- 6 -

at trial should have been severed;[4] and 5) Appellant's trial counsel should have retained a drug and alcohol expert. *See* PCRA Petition, 4/28/22, at 3-4.

The PCRA court concluded that Appellant failed to satisfy any exception to the PCRA's timeliness requirements:

> [Appellant] attempts to assert the exceptions for interference by government officials and newly discovered facts, but he does not assert sufficient facts to invoke these exceptions. For example, [Appellant] does not allege who the government officials are who interfered with the presentation of his current PCRA claims or how they kept him from filing his current PCRA petition in a timely manner. [Appellant] does complain about his prior attorneys; however, the term "government official" does not include defense counsel, whether appointed or retained. 42 Pa.C.S.A. § 9545(b)(4). He also claims that there was prosecutorial misconduct and coaching of witnesses[,] but those would seem to be underlying substantive claims that could have been asserted at trial, on appeal or in his first PCRA petition[,] and not allegations that any government official interfered with his ability to assert these claims previously.
>
> With respect to his [claim of] newly discovered facts, [Appellant] does not allege when he discovered that the DA/state police allegedly withheld [the victim's] phone records and numerous other calls tha[t] were presented in court, what those phone records could or would show, or how those records could or would affect the outcome of his case. Rather, it appears that [Appellant] is on a fishing expedition, because he is also requesting in his petition that the District Attorney produce state police logs of all phone calls made in the case and all of [the victim's] phone logs and texts.

---

[4] The PCRA court explained in its November 29, 2022, opinion that the charges against Appellant involved two victims (L.K. and J.D.). *See* Opinion, 11/29/22, at 4. Appellant argued that the counts related to L.K. should have been severed as they were sexual in nature, and, thus, overly prejudicial when heard in conjunction with the sexual assault counts involving J.D. *See* PCRA Petition, 4/28/22, at 4.

PCRA Court Opinion, 11/29/22, at 2-3.

We agree with the PCRA court's sound analysis and conclusion. Our review confirms Appellant's second PCRA petition was filed nearly two years after his judgment of sentence became final. Further, Appellant has failed to plead and prove an exception to the PCRA's timeliness requirement.[5, 6] Accordingly, because Appellant's petition is untimely, and he has not pled an exception to the time bar, the PCRA court did not err in dismissing his petition. *See* 42 Pa.C.S.A. § 9545(b); *Jones*, 54 A.3d at 17.

Order affirmed.

_____

[5] In his two-page brief, Appellant references an attached letter from his first PCRA counsel. Appellant's Brief at 1. Appellant mischaracterizes his prior counsel's correspondence, and states his counsel informed Appellant he "had [one] year from the date of the 7th of Feb[ruary], 2023, to file another PCRA [petition.]" *Id.* Our review of the letter discloses prior counsel informed Appellant he must file any further PCRA petitions "within one year of the date the judgment became final." *Id.*, Attach.

[6] In his petition, Appellant cited, without argument or explanation, our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). *See* PCRA Petition, 4/28/22, at 5. To the extent Appellant purported to raise a claim of PCRA counsel's ineffectiveness for the first time in his untimely PCRA petition, this argument fails. *See Commonwealth v. Stahl,* 292 A.3d 1130, 1136 (Pa. Super. 2023) ("Nothing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel"); *see also* Pa.R.A.P. 2119(a) (appellate briefs must include pertinent discussion of issues raised).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/29/2024