J-S07043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :                     PENNSYLVANIA
                                :

                   v.                           :

                                    :

CHARLES JORDAN                        :
                                    :

                Appellant            :    No. 1228 MDA 2024

Appeal from the PCRA Order Entered July 11, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001163-2016

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                  **FILED: MARCH 21, 2025**

Appellant, Charles Jordan, appeals *pro se* from the order entered in the Lackawanna County Court of Common Pleas, which denied as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 13, 2016, a jury convicted Appellant of two counts of tampering with evidence, and one count each of persons not to possess firearms, carrying a firearm without a license, and receiving stolen property.  Appellant received an aggregate sentence of 11 to 22 years of incarceration.  Appellant did not file a direct appeal.  Subsequently, Appellant unsuccessfully litigated several PCRA petitions.

On April 5, 2024, Appellant filed the instant, *pro se* PCRA petition,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

arguing that his firearms convictions were unconstitutional in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022) (rejecting use of means-end scrutiny in Second Amendment context and instead holding that, when Second Amendment's plain text covers individual's conduct, Constitution presumptively protects that conduct, and government must then justify regulation by demonstrating that it is consistent with Nation's historical tradition of firearm regulation). On May 9, 2024, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. Appellant filed a *pro se* response on June 4, 2024, and the PCRA court formally dismissed the petition on July 11, 2024.

On August 1, 2024, Appellant timely filed a *pro se* notice of appeal.[2] On August 20, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On October 10, 2024, the court issued a Pa.R.A.P. 1925(a) opinion noting that Appellant had not yet filed his statement, and that the reasons for its denial of Appellant's petition could be found in its Rule 907 notice. On November 6, 2024, Appellant untimely filed his Rule 1925(b) statement.

_____

[2] The trial court docket reflects that Appellant's notice of appeal was filed August 15, 2024. However, as Appellant was incarcerated when he submitted this filing, we use the date listed on the certificate of service for his notice of appeal rather than the filing date. *See Commonwealth v. Crawford*, 17 A.3d 1279 (Pa.Super. 2011) (explaining that under "prisoner mailbox rule," we deem *pro se* document filed on date it is placed in hands of prison authorities for mailing).

Appellant raises the following issue for review:

> Are the criminal statutes 18 Pa.C.S.A. § 6105 and 18 Pa.C.S.A. § 6106 unconstitutional as applied to this [A]ppellant in light of [**Bruen, supra**] … and therefore should Appellant's conviction and sentence pursuant to 18 Pa.C.S.A. §§ 6105 and 6106 be vacated and set aside.

(Appellant's Brief at 3) (unpaginated).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).  When the claim is predicated on a judicial decision, the period begins to run upon the date of the underlying judicial decision.  **Commonwealth v. Boyd**, 923 A.2d 513, 516 (Pa.Super. 2007).

Instantly, Appellant's judgment of sentence became final on January 12, 2017, upon expiration of his time to file a direct appeal.  **See** Pa.R.A.P. 903.  **See also** 42 Pa.C.S.A. § 9545(b)(3).  Therefore, Appellant had until January 12, 2018 to timely file a PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1).  Appellant filed the instant petition on April 5, 2024, which is patently untimely.  Appellant attempts to assert the newly-recognized constitutional right exception to the PCRA time bar.  The Pennsylvania Supreme Court has explained this exception has two requirements:

First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in [S]ection [9545].  Second, it provides that the right "has been held" by "that court" to apply retroactively.  Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.  The language "has been

- 4 -

held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already **held the new constitutional right to be retroactive to cases on collateral review**. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Spotz*, 642 Pa. 717, 724, 171 A.3d 675, 679 (2017) (emphasis added and citation omitted).

Here, Appellant failed to file his PCRA petition within one year of the date that it could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). *Bruen* was decided on June 23, 2022; Appellant did not file his current PCRA petition until April 5, 2024, more than one year later. **See Bruen, supra**; **Boyd, supra**. Additionally, neither the United States Supreme Court nor the Pennsylvania Supreme Court have held that **Bruen** applies retroactively to cases on collateral review. **See Commonwealth v. Reed**, Nos. 12 EDA 2024, 1709 EDA 2024, 1710 EDA 2024 (Pa.Super. flied Dec. 5, 2024) (unpublished memorandum) (concluding **Bruen** has not been held to apply retroactively). **See also** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value). Consequently,

Appellant's PCRA petition remains time-barred.[3]  Accordingly, we affirm.[4]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025

---

[3] Additionally, Appellant argues that **Commonwealth v. Alford**, 352 MAL 2023 (Pa. filed December 20, 2023) (per curiam order) established the retroactivity of **Bruen** and should be considered the "underlying judicial decision" leading to his claim.  We disagree.  First, the PCRA's retroactivity requirement is for cases on **collateral review**.  **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).  By contrast, Alford's case was on direct review from a decision of this Court.  **See Commonwealth v. Alford**, 2416 EDA 2021 (Pa.Super. filed Dec. 15, 2022), *appeal granted,* 352 MAL 2023 (Pa. filed December 20, 2023); **see also Spotz, supra**.  Further, the order Appellant relies on merely ordered this Court to apply **Bruen** standards to Alford's appeal from his judgment of sentence on remand.  Accordingly, **Alford** does not entitle Appellant to relief.

[4] Based on our decision that Appellant failed to establish jurisdiction over his PCRA petition, we decline to analyze the untimeliness of Appellant's Rule 1925(b) statement.